# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONY MANNS, | : CIVIL NO. 1:CV-10-1564 |
|     Plaintiff, | : |
| | : (Chief Judge Kane) |
| v. | : |
| | : |
| B.A. BLEDSOE, et al., | : |
|     Defendants | : |

## MEMORANDUM

**I.  Background**

On July 28, 2010, Plaintiff Tony Manns ("Manns") filed this civil rights action pursuant to 28 U.S.C. § 1331.  Manns was an inmate at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Pennsylvania at the time the complaint was filed.[1]  Mann names USP-Lewisburg employees B.A. Bledsoe, Warden, and Dr. Pigos as Defendants.  Manns alleges that Defendants violated his Eighth Amendment right to adequate medical care when they failed to provide interferon treatment for his Hepatitis C condition.  (Doc. No. 1 at 2.)  On November 8, 2010, Defendants filed a motion to dismiss and for summary judgment.  (Doc. No. 14.)  A brief in support and a statement of material facts were also filed.  (Doc. Nos. 15, 16.)  On December 28, 2010, Manns filed a motion to appoint counsel in this case.  (Doc. No. 18.)  To date, Manns has failed to file any opposition to Defendants' motion.

**II.  Discussion**

In moving for the appointment of counsel, Manns argues that:  (1) his case involves complex legal issues; (2) expert testimony will be required; and (3) counsel is able to prepare

---

[1]  Manns is now confined at the Federal Correctional Institution at Oakdale, Louisiana.

1

more professional filings in the case. (Id. at 1-2.)

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002) (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the Court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. For purposes of this motion, the Court will assume that Manns's case has arguable merit in law and the facts. Next, upon successfully clearing the above hurdle, other factors to be examined are: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

The pending motion fails to set forth any special circumstances or factors that would

warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. The pleadings submitted thus far do not contain complicated legal issues. Manns is clearly able to litigate this action on his own as evidenced by the docket in this case. He has filed the instant motion for counsel, and cited to relevant legal authority therein. This clearly implies that he has access to legal resources, and the ability to understand and present relevant legal authority. At this time, it cannot be said that Manns will suffer substantial prejudice if he is required to proceed with the prosecution of his case on his own. This Court's liberal construction of pro se pleadings, Haines v, Kerner, 404 U.S. 519 (1972), coupled with Manns' apparent ability to litigate this action, weigh against the appointment of counsel. His pending motion will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a properly filed motion. Furthermore, Manns will be directed to file his opposition to Defendants' motion to dismiss and motion for summary judgment. An order consistent with this memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| TONY MANNS, | : | CIVIL NO. 1:CV-10-1564 |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| B. A. BLEDSOE, et al., | : | |
| Defendants | : | |

## ORDER

**AND NOW,** this 15th day of February 2011, upon consideration of Plaintiff Tony Manns's motion to appoint counsel (Doc. No. 18), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion to appoint counsel (Doc. No. 18) is **DENIED** without prejudice.

2. Plaintiff **SHALL FILE** a brief in response to Defendants' motion to dismiss and for summary judgment (Doc. No. 14) within fifteen (15) days of the date of this order. Plaintiff's brief shall be filed in accordance with L.R. 7.6 and in compliance with L.R. 56.1.

3. Failure to comply with this order may result in the granting of the motion or dismissal of this case for failure to prosecute. See Fed. R. Civ. P. 41(b)("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (interpreting Federal Rule of Civil Procedure 41(b) as permitting sua sponte dismissals by the court); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania