IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY MANNS, | : | CIVIL NO. 1:CV-10-1564 |
|     Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| B.A. BLEDSOE, et al., | : | |
|     Defendants | : | |

**M E M O R A N D U M**

On July 28, 2010, Plaintiff Tony Manns, at the time an inmate at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Pennsylvania, filed this <u>Bivens</u>-styled civil rights action pursuant to 28 U.S.C. § 1331.[1] He has since been transferred to the Federal Correctional Institution in Oakdale, Louisiana. Named as Defendants are USP-Lewisburg employees B. A. Bledsoe, Warden, and Dr. Kevin Pigos, Clinical Director. In the complaint Plaintiff alleges that Defendants violated his Eighth Amendment right to adequate medical care. Presently pending are Defendants' motion to dismiss and for summary judgment and Plaintiff's motion for leave to amend the complaint. (Doc. Nos. 14, 22.) For the reasons that follow, the motion for leave to amend will be denied, and Defendants' motion to dismiss and for summary judgment will be granted.

I. BACKGROUND

The Statement of Claim section in Plaintiff's complaint reads, in its entirety, as follows:

---

[1] <u>Bivens</u> actions are the federal counterpart to § 1983 claims brought against state officials. <u>Egervary v. Young</u>, 366 F.3d 238, 246 (3d Cir. 2004) (citing <u>Brown v. Philip Morris, Inc.</u>, 250 F.3d 789, 800 (3d Cir. 2001)). "[C]ourts have generally relied upon the principles developed in the case law applying section 1983 to establish the outer perimeters of a <u>Bivens</u> claim against federal officials." <u>Schrob v. Catterson</u>, 948 F.2d 1402, 1409 (3d Cir. 1991).

> Petitioner has exhausted all administrative remedies pursuant to the Prison Litigation Reform Act PLRA and Title 42 U.S.C. § 1997 seeking $1,000,000 against the Warden/Medical department ($500,000 each) for violating the defendant's Eighth Amendment Const. right due to a deliberate indifference claim by failing to provide interferon treatment for hepatitis C. The administrative remedies will reflect the dates.

(Doc. No. 1 at 1.) Defendants move to dismiss the complaint and for summary judgment. (Doc. No. 14.) In support of their motion they submit a brief, a statement of material facts and evidentiary materials. (Doc. Nos. 15, 16.) Prior to submitting any opposition to the motion, Plaintiff filed a motion for leave to amend the complaint to add Defendants on March 14, 2011. (Doc. No. 22.) On April 11, 2011, Plaintiff filed his opposition to Defendants' motion. (Doc. No. 23.)

## II. STANDARD OF REVIEW

### A. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the Court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the Court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d

Cir. 1997).

Federal notice pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See Fed .R. Civ. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant-unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, courts should not dismiss a complaint for failure to state a claim if it contains "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).

Courts are cautioned that because of this liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). However, leave to amend under Rule 15 may be denied in cases of (1) undue delay; (2) bad faith or dilatory motive;

(3) undue prejudice; or (4) futility of amendment. See Foman, 371 U.S. at 182; see also Arthur v. Maersk, Inc., 434 F.3d 196, 204-05 (3d Cir. 2006) (stating that "leave to amend must generally be granted unless equitable considerations render it otherwise unjust"); see also Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (stating "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment") (citations and internal quotation marks omitted); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (summarizing factors to consider under Rule 15).

  B.  **Motion for Summary Judgment**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is warranted if the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[2] In pertinent part, parties moving for, or opposing, summary judgment must support their position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his

---

[2] Rule 56 was revised by amendment effective December 1, 2010. The revisions are "to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in may courts." Rule 56 advisory committee notes. "The standard for granting summary judgment remains unchanged," and "[t]he amendments will not affect continuing development of the decisional law construing and applying these phrases." Id.

favor." Colwell v. Rite-Aid Corp., 602 F.3d 495, 501 (3d Cir. 2010) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).

**III.  DISCUSSION**

    **A.  Motion to Dismiss and for Summary Judgment**

        **1.  Undisputed Facts[3]**

Plaintiff has been diagnosed with Hepatitis C. (Doc. No. 16-1 at 2.) The medical treatment Plaintiff seeks in the pending action (Interferon) requires a battery of medical tests to determine whether a patient is a candidate for treatment. (Id.) The treatment Plaintiff seeks is not without risks and requires an extensive evaluation of the patient's appropriateness for the treatment. (Id.) The medical protocol for evaluating a patient for appropriateness for this treatment is essentially the same regardless of whether the patient is incarcerated. (Id.) These tests include: (1) liver function tests; (2) viral load and genotyping; (3) liver ultrasound; (4) liver biopsy; and (5) a thorough mental health/psychological evaluation. (Id.)

On two occasions, Plaintiff has been scheduled for, and then refused, the requisite liver ultrasound. (Id.) When an inmate does complete the required testing, institution medical staff may submit an "Algorithm for Treatment of Hepatitis C/Approval Form" to the Bureau of

---

[3] In support of their motion for summary judgment Defendants filed a Statement of Undisputed Material Facts in accordance with M.D. Pa. Local Rule 56.1. Defendants further submit evidentiary materials in support of their statements of undisputed material fact. Pursuant to Rule 56.1, the papers opposing a motion for summary judgment shall include an opposing statement of material facts responding to the numbered paragraphs set forth in the statement submitted by the moving party and referencing the parts of the record that support such statements. All material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the statement required to be served by the opposing party. In the instant case, Plaintiff has failed to file an opposing statement of material facts. As such, the facts contained in the statement submitted by Defendants will be deemed admitted.

Prisons' ("BOP") Central Office Health Services in Washington, D.C. (Id. at 3.) The BOP's Chief Physician is the final approving authority for this request. (Id.)

On May 11, 2010, Dr. Pigos submitted the request form for Plaintiff's treatment to the Central Office for consideration. (Id. at 3-12.) The BOP's Chief Physician disapproved the request on June 28, 2010. (Id. at 3). The Chief Physician's approval was based on Plaintiff's history of "numerous alcohol/intoxicant related offenses, on average 2 per year between 2006 and 2009." (Id. at 3-4.) The Chief Physician recommended "counseling inmate on potential adverse health consequences of alcohol and to wait an additional year free of alcohol or drug related incidents. If no further incident reports at that time, resubmit [non-formulary requests]." (Id.) Behavior related to alcohol abuse is a contraindication to the clinical assessment of any inmate's appropriateness for the treatment Plaintiff is seeking. (Id. at 3.)

Hepatitis C is a chronic condition. (Id.) Plaintiff is not currently experiencing any medical crisis which requires the Interferon treatment he is requesting at this particular time. (Id.) Over the course of the next year, the USP-Lewisburg Health Services department will continue to monitor Plaintiff through regularly scheduled chronic care clinics, and/or sick call as needed. (Id.) Plaintiff will receive treatment as appropriate and will be resubmitted for consideration for the specific treatment he is requesting when he complies with the medical protocol for that treatment regime. (Id.)

Defendant Bledsoe is the Warden of USP-Lewisburg. (Id. at 14.) As Warden, Bledsoe is responsible for the overall operation of USP-Lewisburg. (Id.) Warden Bledsoe is not a medical professional. (Id.) He does not diagnose medical complaints or develop medical treatment plans for inmates. (Id.) Bledsoe relies on his trained medical staff to diagnose medical complaints or

develop medical treatment plans for inmates. (Id.)

On October 14, 2009, Warden Bledsoe responded to a request for administrative remedy from Plaintiff in which he complained that he was not being provided with interferon treatment for his Hepatitis C. (Id.) The information set forth in the remedy was provided to Bledsoe by medical staff familiar with Plaintiff's medical condition. (Id.) Bledsoe's medical staff informed him that inmates must go through a series of medical tests to determine if they are candidates for the treatment Plaintiff is seeking. (Id.) Bledsoe's medical staff further informed him that Plaintiff had consented to one test, but then refused others. (Id.) Plaintiff had also received incident reports for "Possessing Intoxicants" and "Refusing a Breathalyzer Test." (Id.) Bledsoe's medical staff informed him that behavior related to alcohol abuse is a contraindication to the clinical assessment of any inmate's appropriateness for the treatment Plaintiff is seeking. (Id.) Based on the medical staff's assurance that Plaintiff was receiving proper care in accordance with applicable Bureau of Prisons' policy, Warden Bledsoe denied Plaintiff's request for administrative remedy. (Id.)

    **2.    Analysis**

Sovereign immunity precludes Plaintiff from bringing a Bivens action for money damages against Defendants in their official capacities as federal agents. FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); Lewal v. Ali, 289 Fed. App'x 515, 516 (3d Cir. 2008) (noting that claims against federal agents in their official capacities are claims against the United States and, as such, are barred by sovereign immunity). Consequently, the official capacity claims are dismissed for lack of jurisdiction.

Liability in a <u>Bivens</u> action may only be based upon a demonstration by Plaintiff that the alleged deprivation of federal rights was committed by a person acting under the color of law. See <u>West v. Atkins</u>, 487 U.S. 42, 48-49 (1989).[4] Liability may only be based upon a defendant's personal involvement in conduct amounting to a constitutional violation. <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d 1077 (3d Cir. 1976). Liability in a <u>Bivens</u> action may not be based on <u>respondeat</u> <u>superior</u>. <u>Iqbal</u>, 129 S. Ct. at 1948; <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976). "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." <u>Id.</u> at 1949. The complaint must contain averments of the involvement of the defendants in the conduct which caused a violation of the plaintiff's constitutional rights. <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988).

The complaint in this action is void of any allegations against Defendant Bledsoe. To the extent he is named as a defendant by virtue of his position as Warden and the performance of his supervisory duties in said capacity, it is well settled that <u>respondeat</u> <u>superior</u> cannot form the basis for liability. To the extent Plaintiff seeks to name Bledsoe on the basis that he responded unfavorably to his grievances, Plaintiff also fails to state a <u>Bivens</u> claim. It is well established that contemporaneous, personal knowledge and acquiescence in an alleged violation is required to establish personal knowledge. Participation in the after-the-fact review of a grievance or appeal is not enough to establish personal knowledge. See <u>Rode</u>, 845 F.2d at 1208; <u>Brooks v. Beard</u>, 167 F. App'x 923, 925 (3d Cir. 2006). Further, Plaintiff cannot establish the requisite personal involvement necessary to find deliberate indifference on Bledsoe's part to Plaintiff's

---

[4] Although the <u>West</u> case concerned a violation under 42 U.S.C. § 1983, the principles and analysis applicable to § 1983 actions are equally applicable to <u>Bivens</u>-type actions. See <u>Schrob</u>, 948 F.2d at 1408-09.

serious medical needs based upon the grievance filed with Bledsoe. Bledsoe is not a medical professional. It is well established that for non-medical defendants, to fulfill the deliberate indifference element, Plaintiff must show that the non-medical prison official had reason to believe or actually knew that prison doctors or their assistants were mistreating or not treating Plaintiff. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir .2004); Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). "If a prisoner is under the care of medical experts . . ., a non-medical prison official will generally be justified in believing that the prisoner is in capable hands . . . . [A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." Spruill, 372 F.3d at 236.

The undisputed facts of record establish that Bledsoe does not diagnose medical complaints or develop treatment plans for inmates. As non-medical personnel, Bledsoe cannot be considered deliberately indifferent for failing to respond to Plaintiff's medical complaints when the undisputed facts demonstrate that Plaintiff was being treated by the medical staff at USP-Lewisburg for his condition, and said staff was following the medical protocol for evaluating him for the appropriate treatment for his condition.

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192,197 (3d Cir.1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). In order to establish a violation based on the Eighth Amendment, "evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." See Spruill, 372 F.3d at 235;

9

Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). The "deliberate indifference" standard is a stringent standard of fault requiring proof that a defendant disregarded a known or obvious consequence of his action. Bd. of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 410 (1997). The defendant must be both aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The test for whether a prison official was deliberately indifferent is whether that defendant "acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 841. Only egregious acts or omissions can violate this standard. See White v. Napoleon, 897 F.2d 103, 108-10 (3d Cir. 1990).

A complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment . . . ." Estelle, 429 U.S. at 106. "Allegations of medical malpractice are not sufficient to establish a Constitutional violation." Spruill, 372 F.3d at 235. An inmate's disagreement with medical treatment also does not rise to the level of "deliberate indifference." See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993); Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d Cir. 1987).

In the instant case the undisputed facts demonstrate that neither Pigos nor Bledsoe were deliberately indifferent to Plaintiff's serious medical needs. Defendants do not dispute that

Plaintiff's Hepatitis C condition is a serious medical condition. Rather, they submit evidence demonstrating that it is a chronic condition that was being treated and monitored, and that Plaintiff was not in any type of medical crisis at this time. Even if Plaintiff was at risk of serious harm, the undisputed facts demonstrate that neither Defendant exhibited any recklessness or conscious disregard to Plaintiff's condition. Dr. Pigos assisted Plaintiff's completion of the required testing for eligibility for the Interferon protocol and submitted the request for the treatment through the appropriate BOP channels. As discussed above, Warden Bledsoe had no personal involvement in Plaintiff's medical care, but answered Plaintiff's request for administrative remedy with the information provided by the medical staff at the prison. Pigos was not the final approving authority. He was only responsible for forwarding the test results to the BOP's Central Office for review and a decision. The undisputed record shows that the treatment was disapproved based on Plaintiff's history of substance abuse in prison, which is a medical contraindication to the treatment. The Central Office did note that the request for Interferon treatment could be resubmitted following a year free of alcohol or drug related incidents. The record lacks any evidence demonstrating deliberate indifference on either Defendant's part to Plaintiff's Hepatitis C condition. For these reasons the Court finds Defendants are entitled to summary judgment in this case.

  **B.** **Motion for Leave to Amend Complaint**

Also pending is a motion for leave to file an amended complaint submitted by Plaintiff on March 14, 2011, prior to the time he filed his opposition to Defendants' motion to dismiss and for summary judgment. (Doc. No. 22.) Pursuant to M.D. Pa. Local Rule 7.5, within fourteen days after the filing of any motion, the party filing the motion shall file a brief in support of that

motion.  If a supporting brief is not filed within the time provided in Rule 7.5, the motion shall be deemed withdrawn.  The only motions where a brief shall not be required are for appointment of counsel, a motion which has the concurrence of all parties, and a motion seeking an enlargement of time.  Because Plaintiff has failed to file a brief in support of his request to file an amended complaint, his motion could be deemed by the Court to be withdrawn.

However, the Court is aware of the liberal pleading standard and that a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient.  See Grayson, 293 F.3d at 108.  However, leave to amend under Rule 15 may be denied in cases where amendment would be futile.  See Foman, 371 U.S. at 182.  In the instant case, Plaintiff merely seeks leave to amend to add as Defendants the Attorney General of the United States and the Director and Regional Director of the BOP.  Clearly, allowance of any amendment to name these defendants would be futile as Plaintiff seeks to impose liability upon them solely in their supervisory capacities.  For these reasons, the motion will be denied.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TONY MANNS,** | : | **CIVIL NO. 1:CV-10-1564** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **B. A. BLEDSOE, et al.,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW,** this 12th day of September 2011, in accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for leave to amend the complaint (Doc. No. 22) is **DENIED.**

2. Defendants' motion to dismiss and for summary judgment (Doc. No. 14) is **GRANTED**. The Clerk of Court is directed to enter judgment in favor of Defendants Bledsoe and Pigos in this action.

3. The Clerk of Court is directed to close this case.

4. Any appeal from this order is deemed frivolous and not in good faith.


        S/ Yvette Kane
        Chief Judge Yvette Kane
        United States District Court
        Middle District of Pennsylvania